# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CEC ENTERTAINMENT, INC., | Case No. 20-33163 (MI) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No.  48-0905805 | |
| In re: | Chapter 11 |
| BHC ACQUISITION CORPORATION, | Case No. 20-33165 (MI) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No.  75-2180947 | |
| In re: | Chapter 11 |
| CEC ENTERTAINMENT CONCEPTS, L.P., | Case No. 20-33166 (MI) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No.  42-1563011 | |
| In re: | Chapter 11 |
| CEC ENTERTAINMENT HOLDINGS, LLC, | Case No. 20-33167 (MI) |
| Debtor. | (Emergency Hearing Requested) |
| Tax I.D. No.  06-1699147 | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| **CEC ENTERTAINMENT INTERNATIONAL, LLC,** | § | Case No. 20-33168 (MI) |
| Debtor. | § | **(Emergency Hearing Requested)** |
| Tax I.D. No.  82-3858177 | § | |
| In re: | § | Chapter 11 |
| **CEC ENTERTAINMENT LEASING COMPANY,** | § | Case No. 20-33169 (MI) |
| Debtor. | § | **(Emergency Hearing Requested)** |
| Tax I.D. No.  47-1454517 | § | |
| In re: | § | Chapter 11 |
| **CEC LEASEHOLDER, LLC,** | § | Case No. 20-33170 (MI) |
| Debtor. | § | **(Emergency Hearing Requested)** |
| Tax I.D. No.  N/A | § | |
| In re: | § | Chapter 11 |
| **CEC LEASEHOLDER #2, LLC** | § | Case No. 20-33171 (MI) |
| Debtor. | § | **(Emergency Hearing Requested)** |
| Tax I.D. No.  N/A | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| **HOSPITALITY DISTRIBUTION INCORPORATED,** | § | Case No. 20-33172 (MI) |
| Debtor. | § | (Emergency Hearing Requested) |
| Tax I.D. No.  75-2595502 | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| **PETER PIPER HOLDINGS, INC.,** | § | Case No. 20-33173 (MI) |
| Debtor. | § | (Emergency Hearing Requested) |
| Tax I.D. No.  20-8026453 | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| **PETER PIPER, INC.,** | § | Case No. 20-33164 (MI) |
| Debtor. | § | (Emergency Hearing Requested) |
| Tax I.D. No.  86-0313407 | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| **PETER PIPER TEXAS, LLC,** | § | Case No. 20-33162 (MI) |
| Debtor. | § | (Emergency Hearing Requested) |
| Tax I.D. No.  33-1166904 | § | |

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| **PETER PIPER MEXICO, LLC,** | § | Case No. 20-33174 (MI) |
| Debtor. | § | (Emergency Hearing Requested) |
| Tax I.D. No.  20-0931883 | § | |

3

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| QUESO HOLDINGS INC., | § § | Case No. 20-33175 (MI) |
| Debtor. | § § | (Emergency Hearing Requested) |
| Tax I.D. No. 46-4621569 | § | |
| In re: | § § § | Chapter 11 |
| SB HOSPITALITY CORPORATION, | § § | Case No. 20-33176 (MI) |
| Debtor. | § § | (Emergency Hearing Requested) |
| Tax I.D. No. 74-2614736 | § | |
| In re: | § § § | Chapter 11 |
| SPT DISTRIBUTION COMPANY, INC., | § § | Case No. 20-33177 (MI) |
| Debtor. | § § | (Emergency Hearing Requested) |
| Tax I.D. No. 75-2288656 | § | |
| In re: | § § § | Chapter 11 |
| TEXAS PP BEVERAGE, INC., | § § | Case No. 20-33178 (MI) |
| Debtor. | § § | (Emergency Hearing Requested) |
| Tax I.D. No. 41-2076895 | § | |

4

**EMERGENCY MOTION OF DEBTORS PURSUANT
TO FED. R. BANKR. P. 1015(b) AND LOCAL RULE 1015-1 FOR AN
<u>ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A <u>VIDEO/TELEPHONIC</u> HEARING WILL BE CONDUCTED ON THIS MATTER ON FRIDAY, JUNE 26, 2020 AT 2:30 P.M. (PREVAILING CENTRAL TIME). PARTIES WISHING TO PARTICIPATE TELEPHONICALLY MUST DIAL IN USING THE COURT'S TELECONFERENCE SYSTEM AT 832-917-1510 AND ENTERING CONFERENCE CODE 954554. PARTIES WHO ALSO WISH TO PARTICIPATE BY VIDEOCONFERENCE MAY DO SO BY USE OF AN INTERNET CONNECTION, USING THE WEBSITE [WWW.JOIN.ME](WWW.JOIN.ME), SELECTING "JOIN A MEETING," AND ENTERING MEETING CODE "judgeisgur"**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN JUNE 26, 2020.**

CEC Entertainment, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### <u>Background</u>

1. The Debtors, on June 24, 2020 (the "**Petition Date**"), commenced their chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases. The Debtors have also filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of the

5

United States Bankruptcy Court for the Southern District of Texas (the "**Local Bankruptcy Rules**").

2. The Debtors, together with their non-debtor affiliates, are a leading family entertainment and dining company with a global network of dining, entertainment, and arcade centers that are operated and franchised under the names "Chuck E. Cheese" (the "**CEC Venues**") and "Peter Piper Pizza" (the "**PPP Venues**"). The venues deliver a kid-friendly atmosphere and feature an array of wholesome entertainment offerings including arcade-style and skill-oriented games, rides, live entertainment shows, and the opportunity for guests to win tickets and redeem prizes such as toys, plush dolls, and branded merchandise.

3. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of James Howell in Support of Debtors' Chapter 11 Petitions and Related Requests for Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

## Jurisdiction

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), the Debtors request entry of an order directing consolidation of their chapter 11 cases for procedural purposes only.

6. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Relief Requested Should be Granted

7. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Under section 101(2) of the Bankruptcy Code, the term "affiliate" means:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2). In addition, Local Rule 1015-1 provides for the joint administration of related chapter 11 cases. The Debtors are affiliates of one another because Queso Holdings, Inc. owns, either directly or indirectly, 100% of the outstanding voting interests in each of the other Debtors. Accordingly, this Court is authorized to jointly administer these cases for procedural purposes.

8. The Debtors, on June 24, 2020, commenced their chapter 11 cases by filing the appropriate petitions with this Court. As set forth in the First Day Declaration, there are 17 Debtors, approximately 1,500 potential creditors, and other parties in interest in these chapter 11 cases. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated chapter 11 cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

9. Further, as set forth in the First Day Declaration, the Debtors operate as an integrated business with common ownership and control. The Debtors also share a number of financial and operational systems. As a result, many of the motions, hearings, and orders that will arise in these cases will affect each and every Debtor. Joint administration of these cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Joint administration will also relieve the Court from entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for the Southern District of Texas and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative dockets, pleadings, and papers.

10. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes and does not seek substantive consolidation. As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

11. The Debtors respectfully request that these cases be administered under the following caption:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CEC ENTERTAINMENT, INC., *et al.*, | § § § | Case No. 20-33163 (MI) |
| Debtors.¹ | § § § | (Jointly Administered) Re: Docket No. ___ |

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are BHC Acquisition Corporation (0947); CEC Entertainment Concepts, L.P. (3011); CEC Entertainment Holdings, LLC (9147); CEC Entertainment, Inc. (5805); CEC Entertainment International, LLC (8177); CEC Entertainment Leasing Company (4517); CEC Leaseholder, LLC (N/A); CEC Leaseholder #2, LLC (N/A); Hospitality Distribution Incorporated (5502); Peter Piper Holdings, Inc. (6453); Peter Piper, Inc. (3407); Peter Piper Texas, LLC (6904); Peter Piper Mexico, LLC (1883); Queso Holdings Inc. (1569); SB Hospitality Corporation (4736); SPT Distribution Company, Inc. (8656); and Texas PP Beverage, Inc. (6895). The Debtors' corporate headquarters and service address is 1707 Market Place Boulevard #200, Irving, TX 75063.

12. The Debtors also request that the following notation be entered on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of CEC Entertainment, Inc.) to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of CEC Entertainment, Inc., *et al.* The docket in Case No. 20-33163 should be consulted for all matters affecting this case.

13. Finally, the Debtors seek authority to file the monthly operating reports by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Executive Office of the U.S. Trustee (revised May 15, 2019) on a consolidated basis.

14. The relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases. Accordingly, the Court should authorize the relief requested.

**Notice**

15. Notice of this Motion will be provided to (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) Akin

Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036 (<u>Attn</u>: Ira Dizengoff, Philip Dublin, and Daniel Fisher), on behalf of the Ad Hoc Group (d) King & Spalding LLP, 353 N. Clark Street, 12th Floor, Chicago, IL 60654 (<u>Attn</u>: Michael Rupe and Matthew Warren), on behalf of the Noteholder Ad Hoc Group;; (e) the Internal Revenue Service; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Securities and Exchange Commission; and (h) any other party entitled to notice pursuant to Local Rule 9013-1(d) (collectively, the "**Notice Parties**").  The Debtors believe that no further notice is required under the circumstances.

### No Previous Request

16.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 25, 2020
Houston, Texas

Respectfully submitted,

  /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com
            Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (*pro hac vice* admission pending)
Ryan Preston Dahl (*pro hac vice* admission pending)
Scott Bowling (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on June 25, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.

       /s/ Alfredo R. Pérez
Alfredo R. Pérez